Opinion of the Court, by
Kirkpatrick C. J.
This is an action on a note of hand, made by John Fenton, the defendant, to John Fairholm,, and by him, assigned to Joseph II. Thomson, who assigned it to the plaintiff. It is dated 29th October, 1814, and is for 25 dollars, at thirty days.
The defendant pleaded infancy; and the cause was tried by a jury, and a verdict found, and judgment rendered for the plaintiff for 28 dollars, 50 cents, with costs.
The plea of infancy, like all other special pleas, concludes with a verification, and prays the judgment of the court. If the plaintiff, in his replication, denies the infancy, and takes issue upon the fact, then the jury, by their verdict, must determine that fact; and a finding of *112 debt or damages without this, would be bad. But the plaintiff is not obliged in all cases, to deny the fact. He may in some cases plead, and in a justice’s court, where there are no formal pleadings, he may prove that the debt arose by the purchasing, or furnishing of necessary food and apparel for the infant. But it is believed that this would not *be a good replication, nor could it be proved in a case like this. For, though the law, allows the infant to make contracts for necessaries, yet it does not allow him to make contracts touching other matters, nor to enter into bonds, nor to make negotiable paper; the consideration whereof cannot be looked into in the hands of the indorsee. Nay, so careful is it of his rights, that it holds him to be incapable of settling accounts even for necessaries; and therefore, it is that indebitatus assumpsit upon an insimvl computasset will not lie against him.
The position laid down in some of the books, that if an infant have necessaries and enter into a single bill for pay, this bill binds him, and an action of debt will lie upon it, if taken in its greatest latitude, seems to be doubtful; for even there, it would be incumbent on the obligee, to shew that the money had been actually laid out for necessaries; so that the providing of necessaries is really the ground of action, and not the bill. There is really no substantial difference, in common sense, between a bill and a bond with a penalty, in this respect; and strictly speaking, an action can be maintained on neither. There is certainly a distinction taken in all the books, between a direct contract for necessaries themselves, and borrowing money to purchase them. Besides, if the law will not permit the infant so much as to settle the account, and strike the balance, so that an insimul computasset would lie, because he is not presumed to be competent to enter into matters of account, how much less will it permit him not only to strike the balance, but also to change its nature and reduce it into a specialty debt, the consideration whereof cannot be inquired into.
It is not seen therefore, how the plaint;ff could get clear of this plea of infancy in any other way, than by a direct denial of the fact, and the verdict of the jury *113 thereupon. Infancy or not, must have been substantially the issue before them, and this they have not determined.^ Their finding therefore, is bad, and of course the judgment must be reversed.
Let the judgment be reversed.